UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════════

GREGORY B. OLMA,

                              Plaintiff,

                                                              **DECISION AND ORDER**
                    v.                                        11-CV-61A

CHRIS COLLINS, individually and in his
  official capacity as Erie County Executive,

CHRISTOPHER M. GRANT, individually
  and in his official capacity as an employee
  of Erie County,

JOHN GREENAN, individually and in his
  official capacity as Personnel Commissioner
  of Erie County,

GREGORY SKIBITSKY, individually and in
  his official capacity as Commissioner of the
  Erie County Department of Emergency
  Services, and

THE COUNTY OF ERIE,

                              Defendants.

═══════════════════════════════════════

## I.    INTRODUCTION

        Pending before the Court is a motion by defendants Chris Collins

("Collins"), Christopher Grant, John Greenan, Gregory Skibitsky, and the County

of Erie to dismiss plaintiff Gregory Olma's amended complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").  Plaintiff has accused

defendants of violating his First and Fourteenth Amendment rights to political

speech and association by firing him for political reasons, thereby entitling him to

relief under 42 U.S.C. § 1983.[1]  In their motion, defendants argue that plaintiff's

claims of politically motivated termination are not legally cognizable because a

duly enacted resolution of the Erie County Legislature eliminated his position.

Plaintiff counters that the elimination of his position was a mere formality after

defendants targeted him for his political speech and affiliation.

The Court held oral argument on August 12, 2011.  For the reasons below,

the Court grants defendants' motion in part to dismiss the action against the

individual defendants in their official capacities.  The Court otherwise denies

defendants' motion.

## II.    BACKGROUND

This case concerns allegations that defendants wrongfully terminated

plaintiff to retaliate for plaintiff's support of Collins's opponents in the 2007

election for Erie County Executive.  Some basic facts appear not to be in dispute.

In or around October 2006, plaintiff was provisionally appointed to the civil-

service position of Senior Administrative Assistant for Homeland Security at the

Erie County Department of Emergency Services.  This position paid an annual

salary of $38,648.  Through a resolution proposed on January 21, 2011 and

---

[1] Plaintiff also refers to 42 U.S.C. § 1985 in his amended complaint but never employs it in any cause of action.

adopted on February 13, 2008 (the "Budget Amendment"), the Erie County

Legislature amended the 2008 County budget that it passed in December 2007,

before Collins took office.  The Budget Amendment eliminated plaintiff's position

along with a position of Grant Monitoring Specialist for Homeland Security in the

Erie County Department of Central Police Services.  In the text of the Budget

Amendment, the Erie County Legislature cited a decrease in federal homeland-

security funding as the reason for the eliminations.  On February 15, 2008,

plaintiff received notice that he would be terminated effective February 27, 2008

due to a lack of funding for his position.

    The heart of plaintiff's amended complaint consists of what he believes is

the real reason for the elimination of his position, which had nothing to do with

funding decreases.  According to plaintiff, the Erie County Legislature passed the

County's 2008 budget in December 2007, based on proposals from outgoing

County Executive Joel Giambra.  The original 2008 budget contained funding for

plaintiff's position and the Grant Monitoring Specialist position.  Nonetheless,

plaintiff's situation changed following the 2007 election for County Executive.

Plaintiff had supported Democratic candidates for County Executive, but Collins,

a Republican, won the election.  Thereafter, defendants hatched a scheme

through which they would disguise a politically motivated termination as a

budgetary move.  The first step of the scheme consisted of delaying the release

of plaintiff's civil-service examination score, which was high enough to warrant a

permanent appointment to his position.  Next, Collins proposed the Budget

Amendment to the Erie County Legislature, proposing that plaintiff's position and

the Grant Monitoring Specialist position be eliminated because of a decrease in

funding.[2]  The crux of the scheme was that person filling the Grant Monitoring

Specialist position, a woman by the name of Janet Vogtli ("Vogtli"), was a

Republican Party member and donor who subsequently would be rehired in

another County department.  According to plaintiff, the ostensible termination and

subsequent transfer of Vogtli would give defendants cover for their politically

motivated termination of plaintiff.  The alleged scheme ran its course when the

Erie County Legislature adopted the Budget Amendment.

     In response to what he considers political retribution, plaintiff filed his

original complaint on January 21, 2011 and his amended complaint on June 3,

2011.  The amended complaint contains five causes of action under 42 U.S.C.

§ 1983.  In the first cause of action, plaintiff accuses defendants of jointly and

severally conspiring to terminate him, in violation of his First and Fourteenth

Amendment rights to political speech, because he supported Democratic

candidates for County Executive in the 2007 election.  In the second cause of

action, plaintiff accuses defendants of violating his First and Fourteenth

Amendment rights to political affiliation.  In the third cause of action, plaintiff

---

[2] The record is not clear as to whether federal homeland-security funding
decreased generally or for plaintiff's position in particular, and as to when
defendants became aware of the decrease in funding.

accuses defendants of violating his rights to political affiliation by failing to train County staff with respect to constitutional restrictions on terminating employees. In the fourth cause of action, plaintiff accuses Collins of violating his First and Fourteenth Amendment rights by "fail[ing] to properly supervise his staff and subordinates and fail[ing] to intervene to stop the illegal plans and activities he was aware of or which occurred in his immediate presence." (Dkt. No. 9 ¶ 82.) In the fifth cause of action, plaintiff asserts that the County of Erie itself faces municipal liability because Collins and the Erie County Legislature endorsed plaintiff's wrongful termination in their official capacities.

Defendants filed their motion to dismiss on June 24, 2011. Defendants advance several arguments for dismissal. First, defendants want the amended complaint dismissed to the extent that it alleges claims against anyone in their official capacities, given that the County of Erie itself is a named defendant. Defendants believe that naming both the County of Erie and its elected officials in their official capacities is legally redundant. Second, defendants argue that, to the extent that plaintiff is making this request, he may not recover punitive damages against a municipal entity or municipal employees sued in their official capacities. Third, defendants submit that they are entitled to absolute legislative immunity because plaintiff's termination followed a duly enacted resolution of the Erie County Legislature that eliminated plaintiff's position. Fourth, defendants contend that plaintiff has failed to allege any sort of official policy that would lead

to liability against the County of Erie.  Fifth, defendants maintain that the time frame of plaintiff's complaints needs to be shortened, since he filed his original complaint on January 21, 2011 and the limitations period for Section 1983 claims is only three years.  Finally, defendants argue that any claim that plaintiff wants to make under 42 U.S.C. § 1985 should be dismissed because he has not pled any sort of class-based animus.

Plaintiff opposes defendants' motion with three arguments.  First, plaintiff rejects defendants' argument about legislative immunity because "while a restructuring of plaintiff's department was proposed in the legislation, what in fact occurred was a de facto termination of plaintiff for illicit political motives while the only other person whose position was eliminated by the resolution was soon hired back."  (Dkt. No. 14 at 1.)  Second, plaintiff argues that the passage of the Budget Amendment does not fall under any immunity because Collins signed and endorsed the resolution pursuant to wrongful employment policies.  Finally, plaintiff submits that there is no dispute that Erie County employees receive no training about constitutional rights.

## III.   DISCUSSION

### A.   *FRCP 12(b)(6) Generally*

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FRCP 8(a)(2).  "'A short and plain statement of the claim' does not mean 'a short and

6

plain statement of the eventual jury charge for that claim' or 'a short and plain

recitation of the legal elements for that claim.'  FRCP 8(a)(2) requires a plaintiff to

state, in concise but plausible fashion, what he currently thinks a defendant

actually did to him, subject to revision during later discovery." *Beswick v. Sun*

*Pharm. Indus., Ltd.*, No. 10-CV-357, 2011 WL 1585740, at *5 (W.D.N.Y. Mar. 4,

2011) (Arcara, *J.*).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged.  The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct.

1937, 1949 (2009) (internal quotation marks and citations omitted).  Courts

assess the legal sufficiency of a claim while "accepting all factual allegations in

the complaint as true, and drawing all reasonable inferences in the plaintiff's

favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61

(2d Cir. 2010) (internal quotation marks and citation omitted).

### B.   *Individuals in Their Official Capacities*

The Court first will address defendants' arguments that plaintiff cannot sue

both the County of Erie and the individual defendants in their official capacities.

"Official-capacity suits . . . generally represent only another way of pleading an

action against an entity of which an officer is an agent.  As long as the

government entity receives notice and an opportunity to respond, an

official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is not a suit against the official personally, for the real party in interest is the entity.  Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (internal quotation marks and citations omitted); *accord Ware v. City of Lackawanna*, No. 08-CV-720, 2009 WL 3464057, at *2–3 (W.D.N.Y. Oct. 21, 2009) (Arcara, *C.J.*) (citing *Graham*).  Here, plaintiff has sued both the County of Erie and a number of individual defendants in their official capacities.  Plaintiff has made explicit in his fifth cause of action and in his opposition papers that he wants to prove that the County of Erie pursued wrongful personnel policies or customs in violation of *Monell v. N.Y. City Dep't of Social Services*, 436 U.S. 658 (1978), and *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988).  Whatever the ultimate merits of his claims, plaintiff can pursue his claims fully by suing the County of Erie.  Suing the individual defendants in their official capacities adds nothing to this action and is legally redundant.  Accordingly, the Court grants this aspect of defendants' motion and dismisses the amended complaint to the extent that it advances claims against the individual defendants in their official capacities.

### C.   *Punitive Damages Against the County of Erie*

Defendants next seek to dismiss any claims that plaintiff has advanced for punitive damages against the County of Erie.  A review of the amended complaint does not reveal where plaintiff has asked for punitive damages against the County of Erie.  At most, plaintiff asserted that he "is entitled to recover his damages, attorney's fees, costs, and punitive damages against the individual defendants."  (Dkt. No. 9 ¶ 92.)  This claim might have implicated the County of Erie while plaintiff was suing the individual defendants in their official capacities. As noted above, though, the Court has dismissed that aspect of the amended complaint, leaving nothing in the amended complaint that suggests that plaintiff seeks punitive damages against the County of Erie.  Accordingly, the Court denies this aspect of defendants' motion without prejudice to renew if, in fact, plaintiff does attempt to pursue punitive damages against the County of Erie.

### D.   *Legislative Immunity*

Defendants argue that legislative immunity undermines plaintiff's amended complaint in its entirety.  "It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities."  *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998).  "Absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity."  *Id.* at 54 (citation omitted); *cf. Almonte v. City of Long Beach*, 478 F.3d 100, 107 (2d Cir. 2007) ("[W]e conclude that legislative immunity cloaks not only

the vote on the budgetary resolutions, but also any discussions the Council members may have held, and any agreements they may have made, regarding the new budget in the months preceding the actual vote."). Eligibility for legislative immunity, however, follows a fact-based analysis. "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan*, 523 U.S. at 54.

Here, the Court finds that it lacks sufficient factual information to conclude categorically, as a matter of law, that legislative immunity covers the Budget Amendment. Plaintiff has alleged that he was essentially terminated before the Budget Amendment passed. If the chronology of events turns out to support that allegation then the Budget Amendment could be the conclusion of a personnel action and not an independent legislative act. Since the Court must credit plaintiff's allegation at face value for purposes of the pending motion, plaintiff should be allowed to explore the extent to which the elimination of his position was more administrative than legislative in nature. *Compare Jessen v. Town of Eastchester*, 114 F.3d 7, 9 (2d Cir. 1997) (per curiam) ("Because the complaint alleges that defendants fired Jessen before eliminating his position through any legislative action, the district court properly denied their motion to dismiss.") *with Almonte v. City of Long Beach*, No. 04-CV-4192, 2009 WL 962256, at *4 (E.D.N.Y. Mar. 31, 2009) ("Each of [three plaintiffs in question] received their termination notice on or after May 25, 2004, the date the Resolution was passed.

10

Plaintiffs have not alleged any facts, which if taken as true, would show that these three Plaintiffs were administratively terminated prior to the passage of the Resolution, on May 25, 2004.").

Adding to the potential administrative character of defendants' conduct is defendants' concession at oral argument that they eliminated plaintiff's position through an amendment to the 2008 County budget.  As the chronology of events appears to have unfolded, the 2008 budget passed with plaintiff's position in it. Presumably, funding for the position existed then.  Defendants cited a lack of funding a few months later when amending the budget to eliminate plaintiff's position.  The record is not clear, though, as to how federal funding might have changed between December 2007, when the budget passed, and February 13, 2008, when the Budget Amendment passed.  This early in the case, plaintiff should be allowed to explore what actually was happening with federal funding during those few months and whether any changes in funding affected only his position.  *Cf. Orange v. County of Suffolk*, 830 F. Supp. 701, 705 (E.D.N.Y. 1993) (granting legislative immunity where the Suffolk County Legislature passed a resolution "eliminating fifteen administrative positions, and replacing them with twenty new entry level positions," but suggesting that "situations affecting a single worker" would not qualify).  Perhaps more importantly, plaintiff should be allowed to explore the extent to which defendants, through a budget amendment targeting no more than two people, "did not engage in the kind of broad, prospective

policymaking that is characteristic of legislative action . . . . but rather [was] part of

a process by which an employment situation regarding a single individual was

resolved."  *Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 211 (2d Cir.

2003).  The Court thus denies this aspect of defendants' motion.

### E.    Failure to State a Claim

Defendants seek to dismiss the amended complaint because plaintiff

"simply makes a conclusory assertion that the County maintained a policy of

making adverse employment decisions based on political considerations and that

the County failed to train to prevent such decisions."  (Dkt. No. 11 at 13.)  This

argument oversimplifies the contentions in the amended complaint.  The

amended complaint sets forth, and defendants have confirmed, that plaintiff's

position was funded for the 2008 budget until Collins became County Executive.

Plaintiff then asserts that defendants targeted him for politically motivated

termination under the guise of a budget amendment so narrow that it affected

only two people.  According to plaintiff, such a narrow budget amendment "had

not happened in the prior eight years"  (Dkt. No. 9 ¶ 27) and resulted from

unconstitutional practices and a failure to train employees about proper practices.

"To show a policy, custom, or practice, the plaintiff need not identify an express

rule or regulation.  It is sufficient to show, for example, that a discriminatory

practice of municipal officials was so persistent or widespread as to constitute a

custom or usage with the force of law, or that a discriminatory practice of

12

subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials.  A policy, custom, or practice may also be inferred where the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted).  Whether plaintiff can prove his assertions at trial is another matter entirely and would appear to require addressing, *inter alia*, whether federal homeland-security funding dried up for only his position and one other between December 2007 and February 13, 2008.  For now, however, plaintiff has set forth a factually plausible theory of liability that does not qualify for legislative immunity this early.  The Court accordingly denies this aspect of defendants' motion.

F.    *Timeliness of Plaintiff's Claims*

Defendants seek dismissal of the amended complaint to the extent that it contains any causes of action that accrued more than three years before plaintiff filed his original complaint on January 21, 2011.  Plaintiff conceded at oral argument that claims under 28 U.S.C. § 1983 fall under a three-year limitations period.  *See Patterson v. County of Oneida*,  375 F.3d 206, 225 (2d Cir. 2004) ("The statute of limitations applicable to claims brought under §§ 1981 and 1983 in New York is three years.") (citations omitted).  Of the five causes of action in the amended complaint, however, none appear to have accrued exclusively from

13

events occurring before January 21, 2008—three years before the filing of the original complaint.  All five appear to have accrued at least in part on February 13, 2008 when the Budget Amendment passed.  At this time, the parties have not provided any information to the Court that suggests otherwise.  Consequently, the Court denies this aspect of defendants' motion without prejudice to renew upon a showing that one or more causes of action fully accrued more than three years before the filing of the original complaint.

**G.     *Plaintiff's Claims Under 42 U.S.C. § 1985***

Finally, defendants seek dismissal of any claims that plaintiff may have under 42 U.S.C. § 1985 because he failed to state any claim of liability under that statute.  As with the issue of punitive damages, though, the Court sees nothing to resolve at this time.  Plaintiff mentions Section 1985 at the beginning of the amended complaint but not in any of the five causes of action.  At oral argument, plaintiff did not suggest that he intended to pursue any Section 1985 claim.  Section 1983 is the only statute mentioned in the five causes of action in the amended complaint.  Accordingly, the Court denies this aspect of defendants' motion without prejudice to renew if, in fact, plaintiff does attempt to pursue liability under 42 U.S.C. § 1985.

**IV.    CONCLUSION**

For all of the foregoing reasons, the Court grants defendants' motion to dismiss (Dkt. No. 10) in part and dismisses the amended complaint as against the

14

individual defendants Chris Collins, Christopher Grant, John Greenan, and Gregory Skibitsky in their official capacities.  The Clerk of the Court shall amend the caption accordingly.  The Court denies the motion in all other respects.

Defendants shall answer the amended complaint within 20 days of entry of this Decision and Order.

SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 25, 2011